UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SHONTAIL MARIE HOCKER, ) | |
| ) | |
| Petitioner, ) | Case No. 5: 22-cv-00306-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| WARDEN DAVID PAUL, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Shontail Marie Hocker is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without counsel, Hocker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [R. 1, 4.] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In September 2018, pursuant to a plea agreement with the United States, Hocker pled guilty in the United States District Court for the Eastern District of Kentucky to one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and one count of possession with intent to distribute forty grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §

841(a)(1) (Count 3). *United States v. Hocker*, No. 5:18-cr-028-JMH-1 (E.D. Ky. 2018). In December 2018, Hocker also pled guilty in a related prosecution to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). *United States v. Hocker*, No. 5:18-cr-158-JMH-1 (E.D. Ky. 2018). In December 2018, Hocker was sentenced to terms of imprisonment of 96 months on each of the three counts of her conviction, all to run concurrently with each other, for a total term of imprisonment of 96 months. *See United States v. Hocker*, No. 5:18-cr-028-JMH-1 (E.D. Ky. 2018) at R. 98; *United States v. Hocker*, No. 5:18-cr-158-JMH-1 (E.D. Ky. 2018) at R. 14.

In her § 2241 petition, Hocker challenges the computation of her sentence by the Bureau of Prisons ("BOP"). Specifically, her petition raises three grounds for relief, including that an insufficient number of First Step Act Federal Time Credits ("FTC") have been applied toward her early release; that these FTCs to which she is entitled are in addition to any other incentive for which she qualifies; and that a total of 54 earned programming days were excluded from her total accrued programming days. [R. 1 at p. 6-7.] As relief, she seeks immediate release to home confinement, as well as an Order including the "correct" computation of her sentence.

However, upon review of Hocker's petition and attached documentation, it is evident that she has not yet fully exhausted her available administrative remedies with respect to her claims. It has long been the rule that before a prisoner may seek habeas relief under § 2241, she must first fully exhaust her administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *see also Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)); *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. at 92-94.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, she may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, she may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18; *see also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In Hocker's petitioner, she states that she filed a Request for Administrative Remedy (assigned Remedy #1119484-F1) with the Warden on March 17, 2022, to which the Warden responded on May 11, 2022. [R. 1 at 2.] She then mailed an appeal of the Warden's Decision to the Regional Director on June 4, 2022, but the mail was returned as "unable to forward" on August 20, 2022. *Id*. at 3. Hocker filed a second Request for Administrative Remedy (assigned Remedy #1130919-F1) with the Warden on August 18, 2022. *Id*. Although this request was denied on August 22, 2022, she did not receive the response until November 3, 2022. *Id*. However, rather than filing an appeal with the Regional Director and, if necessary, with the BOP's Office of General Counsel, Hocker filed her § 2241 petition in this Court on November 14, 2022. [R. 1.] Thus, she filed her petition prior to fully exhausting her available administrative remedies with respect to her claim, warranting denial of her petition without prejudice.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate," *Jones v. Bock*, 549 U.S 199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted [her] administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Here, Hocker's petition and the documents she submits in support demonstrate that she has not yet fully exhausted her available administrative remedies with respect to her claims. Thus, the Court will deny her current petition without prejudice so that she may pursue her available administrative remedies. If Hocker is not satisfied with the administrative resolution of her claims, she may then file a § 2241 petition in a new case once this process is complete.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Hocker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED WITHOUT PREJUDICE**;

2. This action is **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This 9th day of December, 2022.

Gregory F. Van Tatenhove
United States District Judge